Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
mlim@schneiderwallace.com

Attorneys for Plaintiff
and the Putative Class and Collective

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR RODRIGUEZ DE ANDA, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AVIATION PORT SERVICES, L.L.C., <br><br> Defendant. | Case No.: <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **(1) Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.;*** <br> **(2) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 203, 223, 226.7, 512, and 1198);** <br> **(3) Failure to Pay for All Hours Worked (Cal. Lab. Code §§ 200, 204, 1194, and 1198);** <br> **(4) Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1182.11, 1182.12, and 1197);** <br> **(5) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 200, 510, and 1194);** <br> **(6) Failure to Pay Split Shift Pay (Cal. Code of Reg. title 8, § 11040, subdivision 4(C));** <br> **(7) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);** <br> **(8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);** <br> **(9) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);** <br> **(10)  Penalties Pursuant to § 2699(a) of the California Private Attorneys General Act; and** <br> **(11)  Penalties Pursuant to § 2699(f) of the California Private Attorneys General Act** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Salvador Rodriguez De Anda, on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") in the above action, complains and alleges as follows:

**INTRODUCTION**

1.      This is a class and collective action against Aviation Port Services, L.L.C. ("Defendant") to challenge its policies and practices of: (1) failing to authorize and permit Plaintiff and members of the Class to take meal and rest breaks to which they are entitled by law; (2) failing to pay Plaintiff and members of the Class and Collective for all hours worked; (3) failing to pay Plaintiff and members of the Class and Collective the minimum wage required by California law and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), respectively; (4) failing to pay Plaintiff and members of the Class and Collective overtime wages as required by California law and the FLSA, respectively; (5) failing to pay Plaintiff and members of the Class split shift pay as required by California law; (6) failing to provide accurate itemized wage statements; and (7) failing to timely pay Plaintiff and putative Class members wages upon the termination of employment.

2.      Plaintiff and members of the Class and Collective are current and former non-exempt, hourly employees of Defendant who worked at one or more of Defendant's airport locations throughout the United States.[1]

3.      Plaintiff and members of the Class and Collective regularly work 8-10 hour days, sometimes more, 5 to 6 days a week. Plaintiff and members of the Class and Collective and are routinely denied compliant meal and rest breaks, even though thirty-minute meal periods are automatically deducted from their pay.  Plaintiff and members of the Class and Collective are subjected to a variety of unlawful timekeeping policies that deprives them of legally mandated minimum and overtime wages.  Moreover, Plaintiff and putative Class members are required to work "split shifts" and are not paid split shift pay as required by law.

---

[1] Plaintiff generally makes these allegations in the past tense, however, on information and the allegations made herein are ongoing.

4.      As a result of these violations, Defendant is also liable for various other penalties under the California Labor Code ("Labor Code"), and for violation of the Unfair Competition Law, Business and Professions Code §§ 17200, *et seq*. ("UCL").

5.      Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all denied minimum wages, overtime wages, premium pay for missed meal and rest periods, inaccurate wage statements, waiting time penalties, and penalties under the Private Attorneys General Act of 2004 ("PAGA").  Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.  Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and California Code of Civil Procedure § 1021.5.

## **PARTIES**

6.      Plaintiff was employed by Defendant as an hourly, non-exempt employee from approximately April 2, 2015 to April 3, 2017, in Sacramento, California.  Plaintiff held the job title of "Ramp Agent."

7.      Plaintiff is informed, believes, and thereon alleges that Defendant is, and at all times has been, in the business of operating and maintaining airports and flying fields. These services include but are not limited to ramp handling, passenger services, cabin grooming, airport security, cargo handling, and maintenance services, with respect to both narrow body and wide body passenger aircrafts.

8.      Plaintiff is further informed, believes, and thereon alleges that Defendant is a California corporation that maintains its headquarters in San Francisco, California.  Plaintiff is further informed, believes, and thereon alleges that Defendant employs hourly, non-exempt employees throughout the United States, including California.

9.      At all relevant times, Defendant has done business under the laws of California and the United States, has places of business in California and the United States, including this judicial district, and has employed members of the Class and Collective in this District, and maintains its headquarters in this District. Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is

1  used in the California Labor Code, the IWC Wage Orders regulating wages, hours and working

2  conditions, and the FLSA.

3

4  **JURISDICTION AND VENUE**

5      10.    The FLSA authorizes private rights of action to recover damages for violation of the

6  FLSA's wage and hour provisions.  29 U.S.C. § 216(b).  This Court has original federal question

7  jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California

8  state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form

9  part of the same case or controversy.

10     11.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (b).  On

11 information and belief, Defendant maintains its corporate headquarters at 2081 Adams Avenue, San

12 Leandro, California. Defendant, therefore, is subject to specific and general personal jurisdiction in

13 this District, and "resides" in this District pursuant to 28 U.S.C. § 1391(a). Venue is also proper

14 pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to

15 the claims alleged herein occurred in this District.

16     **FACTUAL ALLEGATIONS**

17     12.    Plaintiff was employed by Defendant as a Ramp Agent from approximately April 2,

18 2015 until April 3, 2017.  Plaintiff worked at Defendant's location in Sacramento, California.

19     13.    As part of his duties working for Defendant, Plaintiff provided security services,

20 cleaning services, ground services, and wheelchair assistance to airlines at airports throughout

21 California.  In this capacity, Plaintiff typically worked five to six days per week for eight to ten

22 hours per day, sometimes more.

23     14.    Plaintiff is informed, believes, and thereon alleges that the policies and practices

24 complained of herein were similar for members of the Class and Collective, regardless of location.

25     15.    Defendant subjected Plaintiff and members of the Class and Collective to a variety

26 of unlawful employment practices that violated California law and the FLSA.  Indeed, many of

27

28                                    3

these unlawful policies and practices are memorialized in Defendant's Personnel Manual which, on information and belief, applied to Plaintiff and members of the Class and Collective.

16. The following are examples of Defendant's facially unlawful policies and practices that are memorialized in its Personnel Manual:

a. "We believe that it is your responsibility to keep track of your hours; therefore, if you do not swipe in or out you will not be paid for that day. Managers are allowed to "sign you in," but only on the same day it occurs."

b. "It is your responsibility to swipe your time card. Should you be unable to swipe your timecard, only supervisors and managers are allowed to sign you in and out. You are to swipe in not more than five (5) minutes before your scheduled start time…"

c. Employees must remain on the worksite for lunch breaks: "Lunch breaks are to be observed, and employees *are expected to remain until the end of the workday*." (emphasis added);

d. "You must swipe in and out for lunch. If you are unable to physically swipe in and out for your lunch break, the time allotted for your break will be automatically deducted from your time sheet."

e. "Should an employee miss a swipe, either in or out, you must notify your supervisor immediately. Failure to do so will result in not getting paid for that shift."

f. All employees must have validation for all swipes that occur outside their scheduled shift times. A manager's signature is required for any discrepancies, changes, or extraordinary hours worked."

g. "All clocked in and clocked out hours are adjusted to the nearest quarter (1/4) hour."

4

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

h.    "AVIATION PORT SERVICES may decline to pay overtime if not properly approved by the Station Manager…. No overtime will be paid for training unless written approval is given prior to training."

17.    Beyond Defendant's facially unlawful policies, Plaintiff specifically experienced other additional unlawful practices.  For example, Plaintiff's timeclock entries were often inaccurate and did not reflect all the hours he worked.  Supervisors and/or Defendant's automated timekeeping system would often clock Plaintiff in or out in a manner that underreported how many hours Plaintiff worked.  This would include pre-shift activity, wherein Plaintiff would arrive at work and have to wait for a company shuttle to take him to his worksite before his supervisor would clock him in. If there was no shuttle to take Plaintiff to his worksite, he would have to walk to the worksite, a process that could take up to twenty-five minutes – time that was uncompensated.

18.    This underreporting of hours would also frequently occur for uncompensated meal periods, when Plaintiff and members of the Class and Collective would work off the clock, uncompensated. Defendant's timekeeping system would often clock Plaintiff in and out in a manner that underreported how many hours Plaintiff worked.

19.    Thirty-minute meal periods were routinely deducted from Plaintiff's pay, even though meal periods were not timely, not duty-free, cut short, interrupted, or not taken altogether. For those instances when Plaintiff was given an opportunity to take a meal break, Plaintiff was on duty, and expected to stop his break if he was needed for any reason.

20.    Likewise, Plaintiff typically was not permitted to take rest breaks. On the infrequent occasions that Plaintiff was permitted a rest break, it was typically only after he had worked over 6 hours.  Defendant did not have a policy or practice that afforded Plaintiff the opportunity to take rest breaks.

21.    As just one example among many, Defendant systematically denied Plaintiff and members of the Class and Collective the opportunity to take meal and rest breaks when traveling and working between multiple airports.  Plaintiff, specifically, would often travel between

1  Sacramento, California and Reno, Nevada to work a charter flight, and would work entire days
2  without a duty-free meal or rest break.

3       22.  As a matter of policy, Defendant failed to provide premium pay when Plaintiff and
4  putative Class members are denied legally compliant meal and rest breaks.

5       23.  Defendant also manipulated timekeeping records to avoid paying Plaintiff and
6  members of the Class and Collective required overtime wages.  For example, when Plaintiff or
7  members of the Class or Collective worked a shift in excess of eight hours that had a beginning
8  time before midnight, and an ending time after midnight, Defendant would clock that individual out
9  at midnight and immediately clock that individual back in, to create the false appearance that the
10 individual was working two shifts, as opposed to a single shift that would have warranted overtime
11 compensation.

12      24.  Defendant routinely required Plaintiff and putative Class members to work "split
13 shifts."  Specifically, Plaintiff and putative Class members were often required to work from
14 approximately 8:00 p.m. to approximately 12:00 a.m. or 2:00 a.m. and then required to return to
15 work at 4:00 a.m. and work until approximately 8:00 a.m.  Defendant did not compensate Plaintiff
16 and putative Class members for split shift pay, as required by law, when Plaintiff and putative Class
17 members worked a split shift.

18      25.  Based on Defendant's policies and practices that systematically required Plaintiff
19 and members of the Class and Collective to work off the clock, deny Plaintiff and members of the
20 Class and Collective the required overtime wages, and deny Plaintiff and members of the Class
21 legally required meal and rest breaks, as well as split-shift premiums, Defendant has consequently
22 violated a variety of other laws.  For example:

23           a.  Defendant did not provide Plaintiff and putative Class members with
24                 accurate wage statements are required by California law.  Plaintiff and putative
25                 Class members receive wage statements that do not reflect all hours worked or
26                 premium pay for missed meal and rest breaks and applicable overtime premiums.

27

28

b.      Defendant did not provide Plaintiff and putative Class members with full payment of all wages owed at the end of employment. Plaintiff and putative Class members were owed wages and premium pay for all time worked, overtime, and meal and rest breaks when their employment ended. These amounts remain unpaid after voluntary and involuntary termination. Plaintiff, specifically, was not given his final paycheck within 72 hours of his employment's termination.

26.     Defendant's unlawful conduct has been widespread, repeated, and willful throughout their operations in California. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27.     Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt hourly employees of Defendant working throughout the United States during the time period three years prior to the filing of the original complaint until resolution of this action ("the Collective").

28.     Plaintiff, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to accurately record all hours worked, and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

29.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

30.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" without compensation, and manipulates time entries to avoid overtime payments, in violation of the FLSA.

31.     Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

32.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

33.     The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS

34.     Plaintiff brings the Second through Ninth Counts as a class action on behalf of himself and all others similarly situated pursuant to Code of Civil Procedure § 382.  The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt, hourly employees of Defendant who worked in California during the time period four years prior to the filing of this Complaint until the resolution of this action.

35.     **Numerosity:** The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

36.     **Commonality:** There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include but are not limited to:

a.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled in violation of the Labor Code and IWC wage orders;

b.   Whether Defendant automatic deductions of thirty-minute meal periods, without regard to whether Plaintiff and members of the Class were provided meal breaks, violates the Labor Code and IWC wage orders;

c.   Whether Defendant has a policy and practice of failing to pay putative Class members all wages due upon the end of their employment violates the Labor Code;

d.   Whether Defendant fails to compensate putative Class members for all hours worked, in violation of the Labor Code;

e.   Whether Defendant fails to compensate putative Class members with at least minimum wage for all compensable work time in violation of the Labor Code;

f.   Whether Defendant fails to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day;

g.   Whether Defendant's practice of splitting individual shifts into two shifts to avoid overtime requirements is unlawful;

h.   Whether Defendant fails to compensate putative Class members with split shift pay for work performed during split shifts;

i.   Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation for the Labor Code and IWC wage orders;

j.   Whether Defendant's policy and practice of failing to pay all putative Class members all wages upon the end of their employment violates the Labor Code;

k.   Whether Defendant is liable for penalties to putative Class members under the PAGA; and

l.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

9

37. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of the law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

38. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour class actions. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

39. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class and, in turn, would establish incompatible standards of conduct for Defendant.

40. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

41. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

42.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

43.     Plaintiff intends to send notice to all Putative Class Members to the extent required under applicable class action procedures. Plaintiffs contemplate providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all Putative Class Members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**(By Plaintiff and the Collective Against Defendant)**

44.     Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

45.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

46.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. § 203(e).

47.     Defendant is a covered employer required to comply with the FLSA's mandates. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

48.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated minimum and overtime wage for such work. *See* 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g). Defendant has also violated the FLSA by manipulating timekeeping data to deny Plaintiff and members of the Collective legally

1  mandated overtime wages. Defendant has also violated the FLSA by failing to keep required,

2  accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

3       49.    Plaintiff and the Collective are victims of a uniform and company-wide

4  compensation policy.  This uniform policy, in violation of the FLSA, has been applied to current

5  and former non-exempt, hourly employees of Defendant, working at Defendant's locations

6  throughout the United States.

7       50.    Plaintiff and the Collective are entitled to damages equal to the mandated pay,

8  including minimum wage, straight time, and overtime premium pay within the three years

9  preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant

10  has acted willfully and knew or showed reckless disregard for whether the alleged conduct was

11  prohibited by the FLSA.

12       51.    Defendant has acted neither in good faith nor with reasonable grounds to believe that

13  its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

14  Collective are entitled to recover an award of liquidated damages in an amount equal to the amount

15  of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

16       52.    As a result of the aforesaid violations of the FLSA's provisions, pay, including

17  minimum wage, straight time, and overtime compensation, has been unlawfully withheld by

18  Defendant from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages,

19  together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

20       53.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

21  **SECOND CAUSE OF ACTION**

22  **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**Pursuant to Labor Code §§ 203, 223, 226.7, 512, and 1198**

23  **(Against Defendant – on Behalf of the Class)**

24       54.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

25  forth herein.

26       55.    Labor Code §§ 226.7 and 512 and the applicable wage orders require Defendant to

27  authorize and permit meal and rest periods to their employees.  Labor Code §§ 226.7 and 512 and

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

1  the applicable IWC wage orders prohibit employers from employing an employee for more than

2  five hours without a meal period of not less than thirty minutes, and from employing an employee

3  for more than ten hours per day without providing the employee with a second meal period of not

4  less than thirty minutes.  Section 226.7 and the applicable wage orders also require employers to

5  authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction

6  thereof of work, and to pay employees their full wages during those rest periods.  Unless the

7  employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the

8  employee is considered "on duty" and the meal or rest period is counted as time worked under the

9  applicable wage orders.

10        56.     Under Section 226.7(b) and the applicable wage orders, an employer who fails to

11  authorize, permit, and/or make available a required meal period must, as compensation, pay the

12  employee one hour of pay at the employee's regular rate of compensation for each workday that the

13  meal period was not authorized and permitted.  Similarly, an employer must pay an employee

14  denied a required rest period one hour of pay at the employee's regular rate of compensation for

15  each workday that the rest period was not authorized and permitted and/or not made available.

16        57.     Despite these requirements, Defendant knowingly and willfully refused to perform

17  its obligation to authorize and permit and/or make available to Plaintiff and putative Class members

18  the ability to take the off-duty meal and rest periods to which they are entitled.  Even to the extent

19  that Defendant does authorize and permit meal and rest breaks for Plaintiff and Class members,

20  Defendant requires Plaintiff and Class members to continue working during these breaks.

21  Defendant automatically deducts thirty minutes for a meal periods whether meal breaks are taken or

22  not. Defendant requires Plaintiff and members of the Class to remain on the worksite, and on duty,

23  during meal periods.

24        58.     Defendant has failed to pay Plaintiff and putative Class members one hour of pay for

25  each off-duty meal and/or rest period that they are denied.  Defendant has also failed to pay Plaintiff

26  and putative Class members an additional one hour of premium pay for each off-duty meal and/or

27  rest period that they are denied.  Defendant's conduct described herein violates Labor Code §§

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

1  226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code § 226.7(b),

2  Plaintiff and putative Class members are entitled to compensation for the failure to authorize and

3  permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and

4  costs of suit.

5       59.    As a proximate result of the aforementioned violations, Plaintiff and the putative

6  Class have been damaged in an amount according to proof at the time of trial.

7       60.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

8  **THIRD CAUSE OF ACTION**

9  **Failure to Pay for All Hours Worked**
   **Pursuant to Labor Code §§ 200, 204, 1194, and 1198**

10  **(Against Defendant – on Behalf of the Class)**

11       61.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

12  forth herein.

13       62.    Labor Code § 1194(a) provides as follows:

14      Notwithstanding any agreement to work for a lesser wage, any employee
   receiving less than the legal minimum wage or the legal overtime

15      compensation applicable to the employee is entitled to recover in a civil
   action the unpaid balance of the full amount of this minimum wage or

16      overtime compensation, including interest thereon, reasonable attorneys'
   fees, and costs of suit.

17

18       63.    Labor Code § 200 defines wages as "all amounts for labor performed by employees

19  of every description, whether the amount is fixed or ascertained by the standard of time, task, piece,

20  commission basis or method of calculation."

21       64.    Labor Code § 1198 makes it unlawful for employers to employ employees under

22  conditions that violate an applicable IWC wage order.

23       65.    IWC wage order 5-2001(2)(K) defines hours worked as "the time during which an

24  employee is subject to the control of an employer, and includes all the time the employee is suffered

25  or permitted to work, whether or not required to do so."

26       66.    In violation of California law, Defendant knowingly and willfully refused to perform

27  its obligations to provide Plaintiff and putative Class members with compensation for all time

28

14

worked or spent in Defendant's control.  Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class members' rights.  Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

67.    Plaintiff and putative Class members have been damaged in an amount to be proven at trial.

68.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Pursuant to Labor Code §§ 1182.11, 1182.12, and 1197**
**(Against Defendant – on Behalf of the Class)**

69.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

70.    Defendant failed to compensate Plaintiff and putative Class members with at least the minimum wage for all hours worked or spent in Defendant's control because Plaintiff and the putative Class members are regularly required to work off-the-clock.

71.    During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the minimum wage order were in full force and effect and required that Plaintiff and putative Class members receive the minimum wage for all hours worked at the rate of eight dollars ($8.00) per hour commencing January 1, 2008, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per hour commencing January 1, 2016.

72.    IWC wage order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

73.    Labor Code § 1149(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil

---

15

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

74.     Because of Defendant's policies and practices with regard to compensating Plaintiff and putative Class members, Defendant has failed to pay minimum wages as required by law. Plaintiff and putative Class members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

75.     Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully paid and interest thereon.

76.     Plaintiff and putative Class members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2, and 1197.1.

77.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to Labor Code §§ 200, 510, and 1194**
**(Against Defendant – on Behalf of the Class)**

78.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

79.     Defendant does not properly compensate Plaintiff and putative Class members with appropriate overtime premiums, including time and a half premiums based on their regular rate of pay, as required by California law.

80.     Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less

16

than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

81.    IWC wage order 5-2011(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not reqired by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any work week unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any work week is permissible provided that the employee is compensated for such overtime at not less than . . . one and one-half (1 ½) times the employee's regular rate off pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any work day, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek . . .

82.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

83.    Labor Code § 200 defines wages as "all amounts of labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

84.    Defendant required Plaintiff and putative Class members to work in excess of eight hours per day, and forty hours a week. However, Defendant systematically denied Plaintiff and members of the Class overtime pay when it required them to work off the clock, and manipulated

17

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

time entries. Defendant did not properly compute overtime premiums based on Plaintiff and putative Class members' regular rate of pay.

85.    Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and putative Class members for all premium wages for overtime work. Defendant is liable to Plaintiff and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff and putative Class members are entitled to an award of attorneys' fees and costs as set forth below.

86.    Defendant has damaged Plaintiff and putative Class members in an amount to be proven at trial.

87.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Pay Split Shift Pay
**Pursuant to California Code of Regulations, title 8, § 11040, subdivision 4(C)**
**(Against Defendant – on Behalf of the Class)**

88.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

89.    Defendant did not properly compensate Plaintiff and putative Class members with appropriate split shift pay as required by California law.

90.    California Code of Regulations, title 8, § 11040, subdivision 2(Q) provides: "'Split shift' means a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."

91.    California Code of Regulations, title 8, § 11040, subdivision 4(C) provides:

When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

92.    Defendant does not pay one hour of minimum wage in addition to the minimum wage for that workday when Plaintiff and putative Class members work split shifts.

93.    Defendant has damaged Plaintiff and putative Class members in an amount to be proven at trial.

18

94.     Wherefore, Plaintiff and the Class request relief as herein after provided.

## SEVENTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### Pursuant to Labor Code § 226
### (Against Defendant – on Behalf of the Class)

95.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.     Defendant did not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

97.     Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least 4 years at the place of employment or at a central location within the State of California.

98.     The IWC wage orders also establish this requirement.  (*See* IWC wage order 5-2001(7)).

99.     Labor Code § 226(e) provides:

> Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the

19

initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

100.    Defendant did not provide timely, accurate, itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC wage orders. The wage statements Defendant provides to employees, including Plaintiff and putative Class members, do not accurately reflect the premium pay to which they are entitled to for missed meal and rest breaks, actual gross wages earned, and actual net wages earned.

101.    Defendant is liable to Plaintiff and putative Class members alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs set forth below, pursuant to Labor Code § 226(e).

102.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Waiting Time Penalties**
**Pursuant to Labor Code §§ 201-203**
**(Against Defendant – on Behalf of the Class)**

103.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

104.    California Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

105.    Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

106.    Labor Code § 203 provides, in relevant part:

20

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

107.    Plaintiff and putative Class members have left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working for the benefit of Defendant, which Defendant failed to record and/or compensate.

108.    Defendant willfully refused and continues to refuse to pay Plaintiff and putative Class members all the wages that were due and owed to them upon the end of their employment, in the form of meal and rest period premium pay and wages for all hours worked.  As a result of Defendant's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings and interest.

109.    Defendant's willful failure to pay Plaintiff and putative Class members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendant is liable to Plaintiff and putative Class members for all penalties owing pursuant to Labor Code §§ 201-203.

110.    In addition, Section 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

111.    Wherefore, Plaintiff and putative Class members request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Unlawful Business Practices
### Pursuant to California Business and Professions Code §§ 17200, *et seq.*
### (Against Defendant – on Behalf of the Class)

112.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

113.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

114.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

115.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

116.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

        a.    violations of Labor Code §§ 226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

        b.    violations of Labor Code § 226 pertaining to accurate and itemized wage statements; and

        c.    violations of Labor Code §§ 201-203.

117.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of the UCL.

118.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices and unfair competition, within the meaning of the UCL.  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

119.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating its unlawful, unfair, and fraudulent business acts and practices alleged above.

120.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable to them.

121.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

122.    Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

123.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

124.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## TENTH CAUSE OF ACTION
### Penalties Pursuant to §2699(a) of the Private Attorneys General Act
### (Against Defendant – on Behalf of All Aggrieved Employees)

125.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

---

23

126.    Labor Code § 2699(a) provides:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

127.    Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

128.    Labor Code § 226(a) provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9)all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the state of California.

129.    Labor Code § 226(a) provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.  In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may

decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake. (Emphasis added.)

130.   Labor Code § 558(a) provides:

(a)   Any employer or other person acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1)   For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2)   For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3)   Wages recovered pursuant to this section shall be paid to the affected employee.

131.   Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, as alleged above, to timely pay all wages owed to Plaintiff and each putative Class member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203.  Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

132.   Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, as alleged above, to provide Plaintiff and each Class member compliant meal and rest periods in compliance with Labor Code § 512.

133.   Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

134.   Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(g), (i).

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*

135.    Defendant is liable to Plaintiff, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

136.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### ELEVENTH CAUSE OF ACTION
**Penalties Pursuant to § 2699(f) of the Private Attorneys General Act**
**(Against Defendant – on Behalf of All Aggrieved Employees)**

137.    Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

138.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation[.]

139.    To the extent that any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff and Class members each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

140.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of his intention to file this claim.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

141.    Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(g), (i).

142.    Defendant is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

143.    Wherefore, Plaintiff and the Class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a)    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the Labor Code and the FLSA;

b)    For a declaratory judgment that Defendant has violated the Labor Code, the FLSA and public policy as alleged herein;

c)    For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

d)    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e)    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f)    For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

g)    For all costs of the suit;

h)    For interest on any damages and/or penalties awarded, as provided by applicable law;

i)    For an award of penalties, liquidated damages, and reasonable attorneys' fees as provided by the Labor Code; the FLSA, California Code of Civil Procedure § 1021.5 and/or other applicable law; and

1    j)    For such other and further relief as this Court deems just and proper.

2

3

4    Dated:  September 14, 2017                 /s/ Carolyn H. Cottrell

5                                               Carolyn Hunt Cottrell
                                                SCHNEIDER WALLACE
6                                               COTTRELL KONECKY
                                                WOTKYNS LLP
7

8                                               Attorneys for Plaintiffs
                                                and the Putative Class and Collective
9

10                          **<u>DEMAND FOR JURY TRIAL</u>**

11        Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiff, the

12    Collective and the Class are entitled to a jury.

13

14    Date: September 14, 2017              Respectfully submitted,

15

16                                               */s/ Carolyn H. Cottrell*
                                                Carolyn Hunt Cottrell
17                                               David C. Leimbach
                                                SCHNEIDER WALLACE
18                                               COTTRELL KONECKY
                                                WOTKYNS LLP
19

20                                               Attorneys for Plaintiffs, the Collective and Putative
                                                Class
21

22

23

24

25

26

27

28
COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rodriguez De Anda, et al. v. Aviation Port Services, L.L.C., et al.*